IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VERONICA AUSTIN, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:06-CV-235-J |
| TOYS 'R' US, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION

Plaintiff fell in the parking lot outside Defendant's store. She has brought claims for premises liability and gross negligence. The Court grants Defendant's motion for summary judgment in part.

### I. BACKGROUND

A curb enclosed the area of the parking lot where Plaintiff fell. According to Plaintiff, she fell because of "cracks in the curbing and an unevenness in the ground and the cement curb . . . ." Defendant's Sales Floor Manager inspected the parking lot about fifteen minutes before Plaintiff's fall. The record contains no evidence that she saw a condition that she considered to be dangerous.

### II. DISCUSSION

Defendant has moved for summary judgment against Plaintiff's claims for premises liability and gross negligence. This Court may grant summary judgment if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show

the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. Rather than rest on pleaded allegations or denials, the nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court reviews the facts and draws all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Proving gross negligence requires Plaintiff to prove two things. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). First, she must prove that, viewed objectively from Defendant's standpoint, an act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. *Id.* Second, she must prove that Defendant had actual, subjective awareness of the risk involved but proceed in conscious indifference to the rights, safety, or welfare of others. *Id.* Plaintiff has not produced evidence of this second part: that Defendant had actual, subjective awareness of a risk posed by the curbed area where she fell.

### III. CONCLUSION

Accordingly, the Court grants summary judgment against Plaintiff's claim of gross negligence.

IT IS SO ORDERED.

Signed this 18th day of June 2007.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**